OPINION OF THE COURT
Suzanne M. Mondo, J.
The defendant is charged with aggravated harassment in the second degree (Penal Law § 240.30 [3]); harassment in the second degree (Penal Law § 240.26 [1]); and menacing in the third degree (Penal Law § 120.15).[1] Defendant now moves to dismiss the charges of aggravated harassment, harassment and menacing for facial insufficiency.[2]
The information alleges the following: “Deponent states that deponent is informed by informant Jason Bell, an African-American male * * * that informant (i) heard the defendant say to informant ‘HOW FUCKED UP AMERICA IS BECAUSE OF THESE NIGGERS,’ and (ii) defendant did face informant and called informant a ‘NIGGER’ and (iii) defendant did spit in informant’s face. Deponent is informed by informant that defendant’s above-mentioned actions annoyed and alarmed [informant] and placed informant in fear of physical injury from the defendant.”
*632 The defendant contends that the charge of aggravated harassment in the second degree must be dismissed because, “the accusatory instrument fails to allege that Mr. Carlson intentionally subjected Jason Bell to physical contact, or attempted or threatened to do so.” The defendant argues that “the accusatory instrument merely alleges that Mr. Carlson spit in Mr. Bell’s face and that these allegations are insufficient to establish intentional conduct nor [sic] physical contact.”
Defendant further argues that the application of Penal Law § 240.30 (3) to punish speech, in this case, is unconstitutional because “[t]he Courts, in construing the harassment provisions have held that it is conduct, not speech, that is prohibited.” The defendant cites three cases in which, according to his interpretation, it is conduct, and not speech, that is prohibited: People v Dietze (75 NY2d 47 [1989]); People v Miccio (155 Misc 2d 697 [Crim Ct, Kings County 1992]); and People v Grupe (141 Misc 2d 6 [Crim Ct, NY County 1988]).
Defendant also argues that the charge of menacing in the third degree must be dismissed because there are no allegations that the defendant acted with “physical menace” nor was there any “imminent” fear of physical injury.
The People respond that the accusatory instrument is facially sufficient and that the defendant “subjected another person to physical contact” when the defendant spit in the face of the complainant and intended to “annoy, if not threaten or intimidate another person because of their race” by calling the complainant “nigger.” The People further contend that the elements of menacing are pleaded properly because “it was not the words alone that put the complainant in fear of serious physical injury but the defendant’s words coupled with his actions.”
Discussion
In order for an information to be facially sufficient, the factual part of the information and/or any supporting depositions must contain nonhearsay allegations that establish “every element of the offense charged and the defendant’s commission thereof.” (CPL 100.15 [3]; 100.40 [1] [c].)
The requirements for aggravated harassment, harassment and menacing differ; thus, they will be discussed in turn.
Aggravated Harassment in the Second Degree
Penal Law § 240.30 (3) provides:
*633 “A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she * * *
“(3) Strikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of the race, color, religion or national origin of such person.”
Section 240.30 (3) targets “the defendant's] physical actions; without those physical actions, there would be no prosecution pursuant to the statutes. What distinguishes these crimes from the violation of simple harassment (Penal Law § 240.25 [l])[3] is the added factor that the acts are committed because of bias towards the victim of the harassment.” (People v Miccio, Misc 2d, supra, at 700.)
“The clear intent of the measure, and the scope of the law as enacted, is to prohibit violence and physical intimidation based upon bigotry * * *
“[t]he statute does not attempt to prohibit bigotry itself. The individual’s freedom to think, and indeed, speak, publish or broadcast views on the subjects of race, religion or ethnicity are not regulated by this law. Violent conduct is what is being regulated.” (People v Grupe, 141 Misc 2d, supra, at 8-9.)
In People v Miccio (supra), the accusatory instrument charged the three defendants with violation of section 240.30 of the Penal Law alleging that they approached the two complainants, and that one of the defendants stated, “ ‘We don’t want any Spies or Niggers in the neighborhood.’ ” (155 Misc 2d, at 698.) The defendants then punched and kicked the complainants causing them injury. The defendants moved jointly to dismiss the charges claiming First Amendment violations. The court denied the defendants’ motion to dismiss and found that the statute did not violate the First Amendment right to freedom of speech.
Similarly, in Grupe (supra), the defendant was also charged with having violated Penal Law § 240.30 (3) for striking the deponent in the face with his fist and body, while shouting ethnic slurs that included “ ‘ “Is that the best you can do? I’ll *634 show you Jew bastard.” ’ ” (141 Misc 2d, at 7.) The defendant moved to dismiss alleging a violation of the First and Fourteenth Amendments to the Federal Constitution. The court found that the statute regulated “violent conduct, and thus raise [d] no issue under the First Amendment, either on the face of the statute or in this particular case.” (Supra, at 9.)
In the instant accusatory instrument the defendant allegedly spit in the face of the complainant after using a racial epithet. At issue is whether the defendant’s alleged act of spitting in the informant’s face subjected the complainant to “physical contact” within the meaning of section 240.30 (3) of the Penal Law.
Surprisingly, there is scant reported authority on whether the act of spitting constitutes physical contact under the statute. Physical contact, however, has been defined in several cases. In People v Brodsky (NYLJ, Apr. 23, 1999, at 35, col 5), the defendant pulled his vehicle alongside the vehicle of the complainant and threw pennies that struck the complainant’s face, arms and legs, while repeatedly calling her “nigger.” Based on these facts, the court found the information sufficient to sustain a charge of aggravated harassment in the second degree under Penal Law § 240.30 (3) as it alleged facts that the defendant struck the victim because of her race or color.
Likewise in People v Hare (66 Misc 2d 207, 207-208 [App Term, 1st Dept]), the court in upholding the defendant’s conviction for harassment held that, “the technical battery of placing [a] finger on the officer’s chest and then reaching for the police officer’s pocket * * * supports an inference of intent to harass, annoy or alarm and subjected, or was an attempt to subject, the police officer to offensive physical contact.”
In United States v Frizzi (491 F2d 1231 [1st Cir 1974]), the defendant used an obscene epithet and spit in the face of a mail carrier. Convicted by a jury of assault, the defendant appealed arguing that spitting does not amount to an assault. Upholding the conviction, the Court of Appeals found that spitting in the face is within contemplation of the Federal assault statute. (18 USC § 111 [the statute does not require the infliction of bodily injury].) “Although minor, [spitting] is an application of force to the body of the victim, a bodily contact intentionally highly offensive.” (491 F2d, at 1232.)
Similarly, in State v Keller (40 Ore App 143, 146, 594 P2d 1250, 1252 [1979]), the Court of Appeals of Oregon, in what seems to be a case of first impression, held that spitting on another can constitute “offensive physical contact” within the *635 meaning of the harassment statute. “[S] pitting on another can be an interference with the physical integrity of the victim that is comparable to striking, slapping, etc.” (State v Keller, 40 Ore App, at 146, 594 P2d, at 1252.)
It is apparent that the Legislature intended the language “or otherwise subjects another person to physical contact” to be a catchall provision. It would have been an impossible task for the Legislature to envision every possible underlying circumstance that could arise in connection with physical contact. Such an expansive interpretation comports with the view that, “since the development of early common law, spitting has been recognized as an act sufficient to support a battery.” (People v Peck, 260 Ill App 3d 812, 814, 633 NE2d 222, 223 [1994], citing Regina v Cotesworth, 6 Mod Rep 172 [1705]; see also, Glasser and Carroll, ‘Substantial Pain’ As Physical Injury Under The Penal Law, NYLJ, July 6, 1990, at 1, col 1, at 1, col 1-at 6, col 4 [“ ‘It seems that any injury whatsoever, be it ever so small, being actually done to the person of a man in angry, revengeful, rude, or insolent manner, as by spitting in his face, in any way touching him in anger, or violently jostling him out of the way are batteries in the eye of the law’,” quoting 2 Bishop, A Treatise on Criminal Law § 70 (1882)].)
Here the defendant is alleged to have spit in the face of the complainant while using racial epithets, which would appear to be precisely the type of physical intimidation based on bigotry that the statute was intended to target. Racial epithets create a viable inference that the conduct was racially motivated. (See, e.g., People v Pirozzi, 237 AD2d 628 [2d Dept 1997]; People v Grupe, 141 Misc 2d, supra, at 9.) The resolution of whether ultimately it is punishable conduct must be determined “by a full contextual analysis by the fact finder at trial.” (People v Prisinzano, 170 Misc 2d 525, 539 [Crim Ct, NY County 1996].)
For the purposes of facial sufficiency, the instant allegation that the defendant spit in the complainant’s face coupled with racial epithets is adequate and the defendant’s motion to dismiss this count is denied.
Harassment in the Second Degree
Penal Law § 240.26 (1) provides:
“A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:
“1. [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.”
*636 In People v Dietze (75 NY2d 47 [1989], supra), cited by the defense, the defendant had been convicted of harassment under Penal Law former § 240.25 (2) for calling the complainant a “bitch” and her son a “dog,” knowing that they were mentally retarded. The Court of Appeals held that Penal Law § 240.25 (2), which prohibited “abusive or obscene language” or “obscene gestures” in a “public place,” was unconstitutionally overbroad. The Court reasoned that speech may be “ ‘abusive’ — even vulgar, derisive, and provocative — and yet it is still protected.” (Supra, at 51.) Only speech that “presents a clear and present danger of some serious substantive evil” may be prohibited. (Supra, at 51.)
Dietze was also convicted of violating Penal Law § 240.25 (1) for having stated to the complainant that she would “ ‘beat the crap out of [complainant] some day or night in the street.’ ” (People v Dietze, supra, at 53.) The Court reversed the conviction because nothing in the record demonstrated that the defendant’s threat “was either serious, should reasonably have been taken to be serious, or was confirmed by other words or acts showing that it was anything more than a crude outburst.” (Supra, at 53-54.) The Court added, “[w]hile genuine threats of physical harm fall within the scope of the statute, such an outburst, without more, does not.” (Supra, at 54.)
In this case, by contrast, the speech was accompanied by “spitting” on the victim which this court, as set forth above, finds is offensive physical contact (see, discussion above). In analyzing People v Dietze (supra), the court in Prisinzano (supra) explained that Dietze’s threat was “only determined to be a crude outburst after a full contextual analysis at trial * * * Dietze * * * demonstrates that resolution of whether words which are sufficient for pleading purposes are ultimately punishable speech is determined by a full contextual analysis by the fact finder at trial.” (People v Prisinzano, 170 Misc 2d, at 538-539.) Accordingly, the defendant’s motion to dismiss the second count of the information, charging a violation of Penal Law § 240.26 (1), is denied.
Menacing in the Third Degree
Penal Law § 120.15 provides: “A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.”
Section 120.15 sets forth the element of “physical menace” as necessary to commit the crime of menacing. Defendant points *637 to this statutory language and two cases, Matter of Ramon M. (109 AD2d 882 [2d Dept 1985]) and People v Wright (NYLJ, July 19, 1991, at 23, col 4), to support his contention that the element of physical menace is satisfied only by an allegation that a physical act was committed; stated otherwise, words alone are not sufficient. In Ramon M., the Court held that the defendant’s physical act of leaping toward the complainant in a karate kick position was an act sufficient to sustain a charge of menacing. Similarly in Wright, the court held that, “[b]ecause the Penal Law requires ‘physical menace,’ the defendant must commit a physical act to place another in fear of imminent serious physical injury; statements will not suffice.” (People v Wright, supra [citations omitted].)
“The classical illustration of menacing in the third degree ‘is posed by a person who, with intent to frighten another, points a gun at him which is in fact unloaded though not known by the victim to be so.’ ” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 203, quoting Denzer and McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 215 [1967 ed].) The use of a weapon is not always determinative. In Matter of Ramon M. (supra), the Court found that “Although the complainant may not reasonably have feared imminent serious physical injury at the moment when appellant waived his hand in her face and stated ‘Don’t disrespect me’, she had every reason to fear such injury when he subsequently leaped down the stairs with one leg extended toward her in a karate kick position.” (109 AD2d, at 883.)
It strains belief that spitting in the complainant’s face could result in serious physical injury or physical injury as defined under the Penal Law. (See, Penal Law § 10.00 [9], [10].) The physical act in this case may well be offensive physical contact but the physical menace must place the complainant in fear of imminent physical injury. The facts alleged are simply insufficient to determine the defendant’s intent. Simply put, some other act must transpire before the complainant could reasonably fear serious physical injury or physical injury. Here, no further acts were alleged to have been taken by the defendant.
Accordingly, the defendant’s motion to dismiss the charge of menacing in the third degree is granted.
Defendant’s motion for a Dunaway /Huntley hearing is granted. Defendant’s motion to preclude identification testimony is granted as the People have not served notice of their *638 intent to offer evidence of identification testimony within 15 days of arraignment as required by CPL 710.30. The defendant’s motion for a Mapp hearing is denied as the People did not indicate in their voluntary disclosure form that any physical evidence had been seized.
The bill of particulars and discovery are granted to the extent responded to by the People. A Sandoval hearing may be held before the court immediately before trial.

. One count of attempted assault that was originally charged against the defendant was dismissed by the People.

. Defendant’s motion to dismiss for facial insufficiency does not clearly include a challenge to the charge of harassment in the second degree, pursuant to Penal Law § 240.26 (1). Despite this ambiguity, and in light of the fact that it is “theoretically impossible to commit the greater crime without at the same time committing the lesser” crime (People v Glover, 57 NY2d 61, 64 [1982]), this court will rule on both counts of harassment.

. Former section 240.25 (1) of the Penal Law was renumbered in 1992 as Penal Law § 240.26 (1) which provides that:
“[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:
“1. |h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.”