OPINION OF THE COURT
John H. Wilson, J.
By a superceding information dated February 6, 2013, defend *463 ant is charged with one count of harassment in the second degree (Penal Law § 240.26 [1]), a violation.
By motion dated September 24, 2013, defendant seeks dismissal of the sole charge, asserting that the People’s complaint is facially insufficient.
The court has reviewed the court file, defendant’s motion, and the People’s response dated October 29, 2013.
For the reasons stated below, the motion to dismiss is denied.
Factual Statement
Pursuant to the superceding information, on or about October 11, 2012, at approximately 10:22 a.m., in front of 2715 Grand Concourse, Bronx, New York, defendant “spat in (Police Officer Paul White’s) face, which struck his eyes and mouth.” (See superceding information dated Feb. 6, 2013 at 1.)
Officer White further states that “as a result of defendant’s aforementioned conduct, he experienced annoyance, alarm and fear for his personal safety.” (See superceding information dated Feb. 6, 2013 at 2.)
Legal Analysis
Under CPL 100.15, every accusatory instrument must contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charge stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal court information are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103, 115 [1986].)
*464 Applying these principles to the instant matter, the factual allegations contained in the misdemeanor complaint before this court are sufficient.
Under Penal Law § 240.26 (1), a person is guilty of harassment in the second degree when, “with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact” (emphasis added).
Defendant is alleged to have spit in the face of a police officer, hitting that officer in the eyes and mouth. {See superceding information dated Feb. 6, 2013 at 1.) As a result of that action, the officer “experienced annoyance, alarm and fear for his personal safety.” {See superceding information dated Feb. 6, 2013 at 2.)
Putting aside the complainant’s status as a police officer, “since the development of early common law, spitting has been recognized as an act sufficient to support a battery.” {See People v Carlson, 183 Misc 2d 630, 635 [Crim Ct, NY County 1999] [citations omitted].)*
In Carlson, the defendant was accused of spitting in the face of the complainant. The court noted that “[although minor, [spitting] is an application of force to the body of the victim, a bodily contact intentionally highly offensive.” (183 Misc 2d at 634, citing United States v Frizzi, 491 F2d 1231, 1232 [1st Cir 1974].) Thus, in denying that defendant’s motion to dismiss the charge of harassment in the second degree, the Carlson court found that “ ‘spitting’ on the victim ... is offensive physical contact.” (183 Misc 2d at 636; see also People v DiBrino, 16 Misc 3d 1106[A], 2007 NY Slip Op 51320[U] [Tuckahoe Just Ct 2007].)
Defendant’s reliance on People v Bartkow (96 NY2d 770, 772 [2001]) is misplaced. Although the Court of Appeals did state that “the general language” of Penal Law § 240.26 (1) requiring “ ‘physical contact’ is properly confined to the preceding ‘strikes, shoves, kicks’ and the like contemplated by the statute,” it is inconceivable that the Court of Appeals and the legislature meant to exclude the ancient offense of spitting into someone’s face from the conduct proscribed by the statute.
Instead, this court agrees with the holding of Carlson: “It is apparent that the Legislature intended the language ‘or *465 otherwise subjects another person to physical contact’ to be a catchall provision,” and for that phrase to include the actions of this defendant, as described in the instant superceding complaint. (183 Misc 2d at 635.)
“[L]egislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94 at 188 [1971 ed].) Since the act of spitting into another’s face is clearly a form of physical contact, the broad language of Penal Law § 240.26 (1), “otherwise subjects such other person to physical contact,” would naturally and obviously include such offensive conduct.
To hold otherwise would be a denial of common sense and firmly established principles of jurisprudence.
Therefore, defendant’s motion to dismiss for facial insufficiency is denied.
All other arguments and requests for relief that have been advanced by the defendant have been reviewed and rejected by this court as being not applicable, or without merit.

 Carlson includes a good review of the decisions of other jurisdictions, both state and federal, in regard to this offense.