■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCULLION, Appellant. [29 NYS3d 24]—

Judgment, Supreme Court, New York County (Ann M. Donnelly, J.), rendered November 18, 2011, convicting defendant, after a jury trial, of driving while ability impaired, and sentencing him to a conditional discharge for a period of one year and a $400 fine, unanimously affirmed.

The court properly exercised its discretion in admitting a videotape of defendant performing coordination tests. Although the police officer who administered the tests did not testify, the videotape was authenticated by the arresting officer, who was a witness to the recorded events (*see People v Patterson*, 93 NY2d 80, 84 [1999]). Since no testimony was elicited regarding the conclusion to be drawn from the tests, or what the person administering the tests looked for in determining whether or not the arrestee was intoxicated, the reliability of the tests and whether the officer utilized the proper protocols in administering the tests were not in issue. Instead, the video was admitted solely to show how defendant appeared on the night of his arrest.

Similarly, the court properly exercised its discretion in denying defendant's request for a missing witness charge as to the officer who administered the coordination tests. Given the testimony of the arresting officer concerning objective indicia of defendant's intoxication, without reference to defendant's test performance, the second officer had no material, noncumulative testimony to offer. Accordingly, a missing witness charge

was not warranted (*see generally People v Gonzalez*, 68 NY2d 424, 427 [1986]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.