OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered August 5, 2014, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the information “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), we find “as a matter of common sense and reasonable pleading” (People v Davis, 13 NY3d 17, 31 [2009]), that it established reasonable cause to believe and a prima facie case that defendant was guilty of harassment in the second degree (see Penal Law § 240.26 [1]), a misdemeanor which is committed when, “with intent to harass, annoy or alarm another person,” the actor “strikes, shoves, kicks or otherwise subjects such other person to physical contact.” Contrary to defendant’s primary argument, the “physical contact” element of the offense was satisfied by allegations that defendant, who was in police custody following an arrest on unrelated charges, “did spit onto, [deponent officer’s] person hitting deponent in the front, right chest area on his shirt” (see People v Pezza, 49 Misc 3d 131 [A], 2015 NY Slip Op 51433[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015], lv denied 27 NY3d 1004 [2016] [defendant subjected complainant to physical contact under Penal Law § 240.26 (1) when he chest bumped him in the head, and spit in his face]; People v Simmons, 42 Misc 3d 462, 465 [Crim Ct, Bronx County 2013] [“Since the act of spitting into another’s face is clearly a form of physical contact, the broad language of Penal Law § 240.26 (1), ‘otherwise subjects such other person to physical contact,’ would naturally and obviously include such offensive conduct”]; People v Carlson, 183 Misc 2d 630, 635 [Crim Ct, NY County 1999] [“It is apparent that the Legislature intended the language ‘or otherwise subjects *97 another person to physical contact’ to be a catchall provision. It would have been an impossible task for the Legislature to envision every possible underlying circumstance that could arise in connection with physical contact. Such an expansive interpretation comports with the view that, ‘since the development of early common law, spitting has been recognized as an act sufficient to support a battery’ ” (citations omitted)]; see also United States v Frizzi, 491 F2d 1231, 1232 [1st Cir 1974] [spitting “is an application of force to the body of the victim, a bodily contact intentionally highly offensive”]; State v Keller, 40 Or App 143, 146, 594 P2d 1250, 1252 [1979] [spitting on another can be offensive physical contact within the meaning of Oregon’s harassment statute]; People v Peay, 5 P3d 398, 401 [Colo Ct App 2000] [spitting on another constitutes physical contact under Colorado harassment statute]).
The allegations in the accusatory instrument also supported the intent element of the offense charged. Defendant’s intent to harass, annoy or alarm the victim can be inferred from his act of spitting on the victim (see People v Bracey, 41 NY2d 296, 301 [1977], rearg denied 41 NY2d 1010 [1977]).
The verdict convicting defendant of second-degree harassment was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the trial court’s credibility determinations. The evidence established that defendant, who became angry and unruly while in custody when he was informed by complainant that he could not immediately make a second telephone call, spat upon complainant with the intent to harass, annoy or alarm him.
Lowe, III, P.J., Schoenfeld and Ling-Cohan, JJ., concur.