The People of the State of New York, Respondent, 
against
Davon Simmons, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (John H. Wilson, J.), rendered March 26, 2014, convicting him, after a nonjury trial, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (John H. Wilson, J.), rendered March 26, 2014, affirmed. 
The accusatory instrument charging harassment in the second degree (see Penal Law § 240.26[1]) was not jurisdictionally defective. Allegations that defendant, as he was being arrested and handcuffed, "turned around and spat in the [deponent police officer's] face," striking the officer's "eyes and mouth," satisfied the "physical contact" element of the offense charged (see People v Cruz, 53 Misc 3d 95, 96 [App Term, 1st Dept 2016], lv denied 28 NY3d 1144 [2017]). Defendant's requisite intent to harass, annoy or alarm the officer was readily inferable from his actions (id. at 97; People v Collins, 178 AD2d 789, 789-790 [1991]; see also People v Bracey, 41 NY2d 296, 301 [1977], rearg. denied 41 NY2d 1010 [1977]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the trial court's credibility determinations. 
While it may have been more prudent for the trial court to review the police officer's personnel records in camera, the failure to do so was not an abuse of discretion in this particular case. Defendant failed to put forth a "factual predicate which would make it reasonably likely" that the file contents would "directly bear on the hard issue of guilt or innocence" and not merely constitute a fishing expedition to gain information to impeach a witness's general credibility (People v Gissendanner, 48 NY2d 543, 549—550 [1979]; People v Valentine, 160 AD2d 325, 326 [1990], lv denied 76 NY2d 797 [1990]). We also reject defendant's speculative contention that these records constitute Brady material (see People v Garrett, 23 NY3d 878, 885 [2014], rearg. denied 25 NY3d 1215 [2015]). 
Moreover, the court properly curtailed defendant's cross examination of the officer. Trial judges have broad discretion "to determine the scope of the cross-examination of a witness" [*2](People v Corby, 6 NY3d 231, 234 [2005]) and "are entitled to weigh the probative value of such evidence against the possibility of confusion, unfair prejudice or cumulativeness" (see People v Halter, 19 NY3d 1046, 1050 [2012]). Here, a significant amount of evidence was elicited that served to impeach the officer's credibility and any remaining issues with respect to unsubstantiated allegations of misconduct by the officer, were either "irrelevant or only marginally relevant" in this nonjury trial and concerned "collateral issues" (see People v Cato, 5 AD3d 394 [2004], lv denied 2 NY3d 797 [2004]). 
Finally, the court properly declined to draw a missing witness inference with respect to the non-testifying police officers, in view of defendant's failure to establish primafaciethat the uncalled police witnesses would have provided noncumulative testimony favorable to the defense (see People v Gonzalez, 68 NY2d 424, 427 [1986]; People v Scullion, 137 AD3d 645 [2016], lv denied 27 NY3d 1139 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: April 26, 2017