The People of the State of New York, Respondent, 
against
Tessa John-Connor, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered November 16, 2014, convicting her, upon her plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered November 16, 2014, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary. In full satisfaction of an accusatory instrument charging her with harassment in the second degree and resisting arrest, defendant pleaded guilty to a single count of disorderly conduct, a violation, in return for a negotiated sentence of time served. In response to the court's questioning, defendant confirmed that she was pleading guilty of her own free will and that she wished to plead guilty because she was in fact guilty, and that she understood that she was giving up the right to a trial, to remain silent, and to confront witnesses. Thus, the record as a whole establishes that defendant intelligently and understandingly waived her constitutional rights (see People v Conceicao, 26 NY3d 375, 383 [2015]; Boykin v Alabama, 395 US 238 [1969]), and entered an otherwise knowing and voluntary guilty plea. Furthermore, as defendant pleaded guilty to an uncharged lesser offense, no factual basis for the plea was necessary (see People v Moore, 71 NY2d 1002, 1006 [1988]; People v Clairborne, 29 NY2d 950, 951 [1972]).
Nor was the accusatory instrument jurisdictionally defective. Defendant's intent to "harass, annoy or alarm another person" (see Penal Law § 240.26) was readily inferable from the sworn allegations that defendant "use[d] her hands" to "push and shove" a police officer and then "use[d] her hands" to "grab on to several other nearby officers" (see People v Hernandez, 123 AD3d 615 [2014], lv denied 25 NY3d 1165 [2015]; People v Cruz, 53 Misc 3d 95, 96 [App Term, 1st Dept 2016], lv denied 28 NY3d 1144 [2017])). That other, potentially innocent inferences could be drawn from defendant's conduct "is irrelevant on this pleading stage inquiry" (People v Deegan, 69 NY2d 976, 979 [1987]).
Since defendant's arrest for second degree harassment was authorized, her struggle to [*2]avoid being handcuffed constituted resisting arrest (see generally Matter of Miguel R., 74 AD3d 548 [2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 24, 2017