People v Santana (2020 NY Slip Op 51539(U))

[*1]

People v Santana (Luis)

2020 NY Slip Op 51539(U) [70 Misc 3d 130(A)]

Decided on December 24, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570679/17

The People of the State of New York,
Respondent,
against
Luis Santana, Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from two judgments of the Criminal
Court of the City of New York, Bronx County (Steven J. Hornstein, J.), each rendered December
19, 2016, convicting him, upon his pleas of guilty, of harassment in the second degree and
disorderly conduct, and imposing sentence.

Per Curiam.
Judgments of conviction (Steven J. Hornstein, J.), each rendered December 19, 2016,
affirmed.
In view of defendant's waiver of the right to prosecution by an information, the accusatory
instruments only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the complaint charging second-degree harassment under
docket number 2015BX048059 was not jurisdictionally defective. Allegations that defendant, an
inmate at Riker's Island, "spat at" a corrections officer, striking the officer in the chest, satisfied
the "physical contact" element of the offense (see People v Cruz, 53 Misc 3d 95, 96 [App Term, 1st Dept 2016],
lv denied 28 NY3d 1144 [2017]; People v Simmons, 55 Misc 3d 140[A], 2017 NY Slip Op 50570
[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1086 [2017]).
Nor was the complaint charging obstructing governmental administration in the second
degree (see Penal Law § 195.05) under docket number 2016BX012693
jurisdictionally defective. The complaint recited that after two other inmates began fighting,
defendant became "disruptive" by fighting with others, "knocking over" a table and refusing a
lawful order to disperse, actions which required a corrections officer to "activate his personal
body alarm in order to notify an emergency response team to respond to the melee," and which
prevented said officer from "performing his official duties" and "maintaining order and security."
These allegations gave defendant sufficient notice of the charged conduct to prepare a defense
and avoid double jeopardy (see People v
Kasse, 22 NY3d 1142 [2014]), specified information from which defendant's physical
interference with a public servant's performance of an official function could be inferred (see
Matter of Davan L., 91 NY2d 88 [1997]; People v Romeo, 9 AD3d 744, 745 [*2][2004]), and provided reasonable cause to believe that defendant
was guilty of obstructing governmental administration in the second degree (see Penal
Law § 195.05; People v Dumay, 23 NY3d at 525; People v Richards, 67 Misc 3d
132[A], 2020 NY Slip Op 50467[U] [App Term, 1st Dept 2020], lv denied 35 NY3d
1029 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24, 2020