OPINION OF THE COURT
Charles Tomasello, J.
The defendant is charged with a violation of section 120.15 *268 of the Penal Law (menacing) and section 205.30 of the Penal Law (resisting arrest). He has moved for an order dismissing the informations.
In the information charging menacing it is alleged, "above subject arrested on strength of civilian complaint for menacing in viol. sec. 120.15 in that he threatened complainant by stating he had a gun and was going to blow his head off and then reached into his pocket causing complainant to fear possible serious injury.”
The defendant moves to dismiss arguing that the acts allegedly committed by him simply do not constitute the crime of menacing. Section 120.15 of the Penal Law provides "[a] person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
There do not appear to be any cases which clearly suggest whether the acts alleged here may constitute the crime of menacing. "Menace” is defined, in part, in Webster’s Third New International Dictionary (1964) as "a show of intention to inflict harm: a threatening gesture, statement, or act”. The Penal Law provision specifically limits the relevant element of the offense to physical menace. Thus, the court concludes that in order to be convicted of the crime of menacing the defendant must have committed a physical act which in and of itself placed another person in fear of imminent serious injury. Statements should not be considered since they are not within the contemplation of the statute.
In the present case the only physical act attributed to the defendant is that he "reached into his pocket”. It is clear that this alone does not constitute a physical menace.
Therefore, this information must be dismissed.
The second information, charging the crime of resisting arrest, must also be dismissed. Section 205.30 of the Penal Law provides "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer from effecting an authorized arrest of himself or another person.”
The factual part of this information reads, "the defendant while being arrested on strength of civilian compl. of one Ronald Legette of 480 Albany Ave. N. Amityville did resist said arrest, to wit: you deponent, police officer, placed defendant under arrest at which time defendant push your deponent away attempting to stop your deponent from placing handcuffs on him.”
*269 The defendant contends that the arrest in the present case was not authorized and, thus, he may not be convicted of resisting arrest.
The information appears to reflect that the complainant police officer did not witness the acts which are alleged to have been committed by the defendant justifying the arrest. CPL 140.10 sets forth the circumstances under which an arrest by a police officer is authorized. Since it does not appear, and it is not alleged, that the offense constituting the grounds for the arrest was committed in the police officer’s presence, the arrest could be authorized only if the police officer had reasonable cause to believe that the defendant had committed a crime. (CPL 140.10, subd 1.)
There does not appear to be a serious question that the complainant police officer had reasonable cause to believe that the defendant committed the acts alleged by an identified informant who is the complainant in the first information. (See People v Hyter, 61 AD2d 990.) Further, there is merit to the argument that the conduct attributed to the defendant, in circumstances where the conduct has not been subjected to detailed analytical scrutiny, might well appear to have constituted the crime of menacing. Thus, a seemingly strong case develops for the contention that the police officer had reasonable cause to believe that a crime had been committed by the defendant thereby rendering his arrest authorized.
However, this argument must be rejected. An arrest for conduct which does not constitute an offense is not authorized. (Cf. 22 NY Jur, False Imprisonment, § 55.) "[A] police officer is not protected from liability for arresting another without a warrant for misconduct which did not constitute a crime even though committed in his presence.” (Bonnau v State of New York, 278 App Div 181, affd 303 NY 721; Tierney v State of New York, 266 App Div 434, affd 292 NY 523; Chapman v Selover, 172 App Div 858, revd on other grounds 225 NY 417; accord Baisch v State of New York, 76 Misc 2d 1006.) The court concludes that the term "reasonable cause” in CPL 140.10 relates only to a belief that certain acts or conduct were committed, but not whether those acts might constitute an offense. (See CPL 70.10, subd 2.)
Thus, for the reasons stated above the motion to dismiss these informations is granted.