■ In the Matter of RAMON M., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated April 6, 1984, which, upon a fact-finding determination of the same court (Deutsch, J.), made after a hearing, that appellant had committed acts which, if committed by an adult, would constitute the crimes of menacing and assault in the third degree, placed him in the custody of the New York State Division for Youth for a period of one year. The appeal brings up for review said fact-finding determination.

Fact-finding determination and order of disposition affirmed, without costs or disbursements.

At the fact-finding hearing, the complainant, who had worked with emotionally handicapped students for approximately seven years and taught the eighth grade at a school for the emotionally handicapped, testified that appellant, a student at the school, had, prior to the instant events, been acting disruptively. After an exchange of words, the appellant ran up to within six inches of the complainant, put his hand in her face, and stated "Don't disrespect. Don't disrespect me". He then broke away from the grasp of four persons who had rushed out to restrain him, leaped down a flight of stairs at her with his leg extended in a "karate" or "flying kick" position, and proceeded to punch her about the face, head, and chest. This testimony was partially corroborated by two other witnesses. As a result of the attack,

the complainant's "face and chest area were sore". She experienced "severe" headaches, dizziness, and an inability to sleep for approximately 2½ weeks, and she missed 13 days of work. Two days after the incident, the complainant was examined at the hospital, where she was diagnosed as suffering from "post-trauma headache" for which Tylenol with codeine was prescribed.

Whether the "substantial pain" necessary to establish physical injury within the meaning of Penal Law § 10.00 (9) has been proven is generally a question for the trier of fact (*Matter of Philip A.,* 49 NY2d 198; *People v Coward,* 100 AD2d 628). We are satisfied that the evidence of complainant's "severe" and disabling headaches, which lasted for a period of over two weeks and required medication, was sufficient to meet that objective level where the determination of the trier of fact should not be disturbed (*see, Matter of Isaac W.,* 89 AD2d 831; *see also, People v Chesebro,* 94 AD2d 897; *cf. Matter of Philip A., supra; People v Marrero,* 88 AD2d 998; *People v Reed,* 83 AD2d 566). Moreover, there was ample evidence to sustain the court's finding that appellant committed acts which, if done by an adult, would constitute the crime of menacing. Although the complainant may not reasonably have feared imminent serious physical injury at the moment when appellant waived his hand in her face and stated "Don't disrespect me", she had every reason to fear such injury when he subsequently leaped down the stairs with one leg extended toward her in a karate kick position (Penal Law § 120.15; § 10.00 [10]). Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.