OPINION OF THE COURT
Joseph J. Dawson, J.
CPL 140.45 requires a local criminal court to dismiss an ac *195 cusatory instrument when it is facially insufficient (see, CPL 100.40) and when “the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face.” (See, CPL 140.45.) Beyond restricting this dismissal power to cases involving warrantless arrests (see, CPL 140.45, citing CPL 140.20, 140.25, 140.40), the statute is silent regarding the procedural rules that govern a court’s power to inspect an accusatory instrument for facial sufficiency. Specifically, the provision does not state whether, and to what extent, the People are entitled to demand a written motion to dismiss and a reasonable opportunity to respond in writing before the court may exercise its power under CPL 140.45, and there are no reported cases that resolve this issue.
In this case, the court has concluded that, regardless of whether any motion to dismiss has been made, a local criminal court is required to inspect an accusatory instrument for facial sufficiency during a defendant’s arraignment following an arrest without a warrant. Moreover, because a local criminal court must inspect the instrument promptly after a warrant-less arrest and exercise its dismissal power under CPL 140.45 in the event that the pleading is defective, the People are not entitled to demand motion papers or an opportunity to prepare a written response. They may present only such facts or evidence as may be available to them at the arraignment.
FACTUAL BACKGROUND
Defendants Carlos Machado and Manny Garcia were arrested without a warrant on July 21, 1999. Both defendants were charged in a misdemeanor complaint with two counts of criminal sale of marihuana in the fourth degree, and four counts of criminal possession of marihuana in the fifth degree.
The complaint alleged that an undercover police officer approached defendant Machado and stated, “You got Nicks.” According to the complaint, defendant Machado responded, “Na man, not here, it’s hot * * * Go see Omar in the basketball court.” At that point, the complaint continues, the undercover officer approached Garcia, who asked whether the officer was “looking for smoke.” The undercover officer gave an affirmative response, and stated, “Let me get one.” The officer handed Garcia $5 in prerecorded currency; Garcia walked to a garbage can, removed a “small ziplock bag containing a green, dried, leafy substance,” and then gave the bag to the officer. The com *196 plaint alleges that, based upon his or her training and experience, the undercover officer believed that the bag contained marihuana.
The complaint also alleges that both defendant Machado and Garcia were “in custody and control of eleven [more] bags containing a green, dried, leafy substance with a distinctive odor in that said bags were located on the ground next to * * * Garcia’s feet.” With respect to the nature of the substance, the complaint asserted, among other things, that a field test on 1 of the 11 bags yielded results consistent with the presence of marihuana.
At the arraignment on this accusatory instrument, defendant Machado’s counsel urged the court to dismiss the accusatory instrument on the ground that it was facially insufficient. The People responded by asserting that the relief demanded by defendant Machado is available only after a written motion to dismiss has been made.
The court asked the People whether there was any available evidence tending to connect defendant Machado to codefendant Garcia or tending to show that codefendant Garcia could somehow be connected to “Omar” or “the basketball court.” After being told that the People’s file did not contain such information, the court stated that it would call the case again at a later point in the evening to give the People a chance to determine whether any additional evidence was available. When the case was recalled, Garcia entered a plea of guilty, and the People asserted that no further evidence was available regarding defendant Machado. The court thereupon dismissed the accusatory instrument against Machado pursuant to CPL 140.45, and stayed sealing to give the People an opportunity to move for reconsideration. Set forth below are the reasons for the court’s decision.
DISCUSSION
The accusatory instrument in this case plainly provided probable cause to support the arrest of Garcia. With respect to defendant Machado, however, there was only one factual assertion concerning his conduct. Specifically, defendant Machado’s response to the request for “nicks” arguably amounted to a statement that he did not have any marihuana, but that the officer might obtain the substance by seeing “Omar in the basketball court.” Without some support for the proposition that Garcia was, in fact, known as “Omar,” or that the sale occurred “in the basketball court,” there was no factual basis *197 from which to infer that the undercover officer’s later purchase of marihuana, much less the later recovery of contraband from the ground near Garcia’s feet, had anything to do with defendant Machado. From all that appeared in this accusatory instrument, the undercover officer’s purchase from Garcia may have been fortuitous, having nothing to do with defendant Machado’s suggestion to “see Omar in the basketball court.” Under the circumstances, the accusatory instrument did not provide reasonable cause to conclude that defendant Machado participated in the sale or Garcia’s possession of the remaining bags. Since the instrument would not have supported the issuance of a warrant for the arrest of defendant Machado, it was facially insufficient. (Cf., People v Dumas, 68 NY2d 729, 731 [1986] [a “misdemeanor complaint is designed to provide the court with sufficient facts * * * to determine whether the defendant should be held for further action,” and should be evaluated in light of the fact that, standing alone, it “may serve as the basis for issuing an arrest warrant”].)
The question remains, however, whether the court was authorized to dismiss the accusatory instrument against defendant Machado at the arraignment, or whether the court should have adjourned the case until such time as a written motion to dismiss was served and opposition papers were filed. Of course, the People ordinarily are entitled to demand that motions to dismiss on sufficiency grounds be “made in writing and upon reasonable notice” to them. (See, CPL 210.45 [1]; 170.30 [1] [a]; 170.35 [1] [a]; 170.45; Matter of Duckman, 92 NY2d 141, 146 [1998].) If the court possesses authority to inspect an accusatory instrument and dismiss it without the need for a prior written motion in certain circumstances, that authority must be set forth in a statute.
The New York State Legislature has provided a mechanism to permit a local criminal court to ensure that a defendant is not held on a facially insufficient accusatory instrument following a warrantless arrest. (See, CPL 100.40, 140.45; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 140.45, at 568.) CPL 100.40 (1) (b) provides that an instrument is sufficient when, inter alla, “[t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged.” CPL 140.45, in turn, provides that a court must “dismiss [the] accusatory instrument and discharge the defendant” when an instrument is not sufficient under CPL *198 100.40, “and * * * the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face.” Hence, if a local criminal court finds that the pleading and the available facts do not establish reasonable cause, it has no choice but to dismiss following a warrantless arrest.[1]
Notably, the plain language of CPL 140.45 does not limit this dismissal power to cases in which the court is inclined to set bail or otherwise impose restrictions on a defendant’s liberty. Since the statute makes no distinction between situations in which a court will set bail and those in which it will order release following arraignment, any requirement that dismissal under CPL 140.45 be preceded by a written motion would effectively delay the release of some defendants despite the absence of any finding by a Judge that the accusatory instrument establishes reasonable cause to believe that the accused has committed an offense that has been charged.
Indeed, the statutory provisions governing motion practice in the local criminal courts necessarily embody periods of delay. CPL 170.30 provides that, “[a]fter arraignment * * * the local criminal court may, upon motion of the defendant, dismiss such instrument” for facial insufficiency. (CPL 170.30 [1]; 170.35 [1] [a].) The defendant typically must make the motion within 45 days after the arraignment. (See, CPL 170.30 [2]; 255.20 [1].) With respect to the procedures that govern the “making, consideration and disposition” of motions to dismiss these accusatory instruments, the rules set forth in CPL 210.45 are applicable. (See, CPL 170.45.) CPL 210.45 (1) requires that a motion to dismiss be in writing on “reasonable notice” to the People. Presumably, notice of eight days would be regarded as reasonable if the defendant’s papers are served by personal delivery to the District Attorney’s Office, although that period can be abbreviated if the motion is made by order to show cause. (See, CPLR 2214 [b], [d].) In either case, the People are entitled to submit written opposition papers, and when there is a factual dispute, the court “must conduct a hearing” and make any findings of fact that are “essential” to the ultimate decision. (CPL 210.45 [6].)
CPL 140.45 does not explicitly state that a court’s inspection of an accusatory instrument at arraignment must conform to *199 these procedures, and the statutory scheme, taken as a whole, suggests otherwise. First, CPL 140.45 does not, by its express terms, require any application by the defendant; there is no mention of any “motion.” Instead, the statute simply commands the court to dismiss when an instrument has been filed that is facially insufficient and the available facts reveal no possibility that the pleading can be redeemed. Since the Legislature did not see fit to state that a “motion” must be made before a Judge can exercise his or her responsibilities under CPL 140.45, it would be inappropriate for this court to supplement the statutory language by incorporating wholesale into this provision all of the procedures governing motion practice. (See, e.g., Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].)
Moreover, the Legislature chose to place CPL 140.45 into an article of the Criminal Procedure Law that governs warrant-less arrests. The provisions detailing the procedures for motions to dismiss, in contrast, have been placed within article 170, which governs the proceedings following a defendant’s arraignment. (Cf., CPL 170.30 [1] [authorizing a motion to dismiss after the defendant has been arraigned].) Certainly, if the Legislature had intended a court’s inspection of an accusatory instrument for facial insufficiency under CPL 140.45 to be preceded by a written motion to dismiss on notice to the People, the provision would have been placed in article 170 with the other sections governing motion practice. Thus, both the language of CPL 140.45 and the statutory scheme contemplate that the court will conduct a sua sponte inspection of the accusatory instrument when the defendant is produced for arraignment and, in the event that the pleading and available facts betray a fundamental deficiency, enter an order dismissing the case rather than arraigning the defendant and permitting the prosecution to proceed.
The legislative history of CPL 140.45 provides powerful support for that construction of the statute. The provision had its genesis in a proposal drafted by the State of New York Temporary Commission on Revision of the Penal Law and Criminal Code. The Staff Comment accompanying the provision that ultimately was enacted as CPL 140.45 stated: “The purpose of this section, which is * * * new, may be appreciated by recalling that, in a case of an arrest under a warrant, the information or felony complaint underlying the warrant is filed with, and examined for sufficiency by, a local criminal court before the arrest is made * * * In the case of an arrest without *200 a warrant, however, the information or felony complaint is not filed until after the defendant is brought to court. Since this is the court’s first opportunity to examine it, it should have the power to reject it on that occasion.” (Temp Commn Staff Comment to Proposed NY CPL 70.60, at 106 [Thompson Co. 1967] [citation omitted; emphasis added].)[2]
Obviously, the drafters of this provision understood what they meant when they suggested that the Legislature authorize a court to “reject” a facially insufficient accusatory instrument at the “first opportunity” following an arrest without a warrant. In fact, the drafters also proposed that local criminal courts be given identical power to dismiss facially insufficient accusatory instruments “at or before the time” designated for the return of appearance tickets. (See, Proposed NY CPL 75.50 [1] [ultimately enacted as CPL 150.50 (2)], at 112.) In doing so, the drafters not only cited their analogous proposal regarding the procedure following warrantless arrests, but also explicitly characterized it as something that would permit “early dismissal” of an accusatory instrument. (See, Staff Comment to Proposed NY CPL 75.50, op. cit., at 112.) A dismissal that awaits the service and filing of written motion papers from both sides is anything but “early,” and cannot possibly be squared with the notion that a court should be empowered to dismiss a facially insufficient instrument at its “first opportunity” following an arrest without a warrant. To construe CPL 140.45 in a manner that would require the filing of motion papers, therefore, would subvert the intentions of the people who drafted the provision and the Legislature that enacted it.
Finally, a rule that would bar a local criminal court from inspecting an accusatory instrument for facial sufficiency until motion papers have been filed would have profound constitutional implications. The Constitution requires that a “fair and *201 reliable” reasonable cause determination be made by a Judge “promptly” after a defendant has been arrested without a warrant. (See, Gerstein v Pugh, 420 US 103, 125 [1975].) Unless a court is confident that an accusatory instrument establishes reasonable cause, the defendant must be released from custody and must not be forced to suffer any other “significant restraint on [his or her] liberty.” (Supra, at 125, n 26.)
Of course, CPL 140.45 must be construed to avoid constitutional problems, not to create them. (See, e.g., People v Cintron, 75 NY2d 249, 262-263 [1990]; FGL & L Prop. Corp. v City of Rye, 66 NY2d 111, 120 [1985]; New York Pub. Interest Research Group v Insurance Information Inst., 161 AD2d 204, 205 [1st Dept 1990].) Yet, the notion that CPL 140.45 entitles the People to demand a written motion before the court may examine the accusatory instrument for facial sufficiency would be wholly inconsistent with the principle that a defendant is constitutionally entitled to a prompt summary determination of reasonable cause when the State seeks to restrain his or her liberty pending the resolution of a criminal case.
In the Gerstein case, the Supreme Court reviewed the historical justification for permitting police officers to make warrant-less arrests, noting that such intrusions upon individual liberties are necessitated by the objectives of “legitimate law enforcement.” (Gerstein v Pugh, supra, 420 US, at 113.) The Court accommodated the competing interests that arise from these arrests by setting forth a summary procedure that would permit a neutral Magistrate to assess reasonable cause in a prompt manner. The Court rejected the notion that a defendant can demand an. evidentiary hearing to test a police officer’s reasons for making the arrest; instead, a defendant is entitled only to a summary judicial decision on the question whether there is reasonable cause to permit the criminal case to proceed. (Supra, at 120.) That determination, the Court held, could be made in the context of a “nonadversary proceeding on hearsay and written testimony.” (Supra.) In short, it appears that the Court envisioned an inspection of the People’s pleadings and an independent assessment of whether those documents establish reasonable cause to believe that the defendant committed the offense in question.
The Court also signaled its intention in Gerstein (supra) to limit the State’s power to delay a Magistrate’s decision on the question whether the accusatory instrument establishes reasonable cause. Observing that “state systems of criminal procedure vary widely,” the Court acknowledged that there could be *202 some “flexibility and experimentation” with respect to the procedural context for reasonable cause determinations. (Gerstein v Pugh, 420 US, at 123.) The Court recognized that some States might require the determination to be made “at the suspect’s first appearance before a judicial officer” while others might incorporate it “into the procedure for setting bail or fixing other conditions of pretrial release.” (Supra, at 123-124.) Regardless of the procedural approach adopted, however, the Court made clear that a State “must provide a fair and reliable determination” by a Judge “either before or promptly after arrest.” (Supra, at 125.)
Although CPL 140.45 was adopted in this State before Gerstein (supra) was decided, the plain language of the provision appears to contemplate the same type of reliable, but summary, determination that the Supreme Court later envisioned for situations that involve warrantless arrests. (Cf., Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 140.45, at 569 [discussing Gerstein and noting that “(i)t now * * * is clear that a procedure for evaluation of the accusatory instrument * * * is a constitutional necessity”].) This being the case, any construction of CPL 140.45 that would prevent a local criminal court’s inspection of an accusatory instrument and assessment of reasonable cause at arraignment would give rise to grave constitutional concerns. After all, a defendant who has been arrested without a warrant must be arraigned promptly, and the need for a prompt arraignment emanates from the constitutional requirement that there be a swift judicial assessment of reasonable cause based upon a review of the accusatory instrument. (See, e.g., People ex rel. Maxian v Brown, 164 AD2d 56, 65-67 [1st Dept 1990], affd 77 NY2d 422 [1991]; see also, County of Riverside v McLaughlin, 500 US 44, 55-57 [1991].)
While the Constitution countenances some delays in that regard, the law is clear that these situations must arise from “a bona fide emergency or other extraordinary circumstance.” (County of Riverside v McLaughlin, supra, 500 US, at 57.) A delay occasioned by a need for the People to demand, and then respond to, a written motion to dismiss addressed to the facial sufficiency of an accusatory instrument hardly qualifies as an “emergency.” On the contrary, the Supreme Court already has *203 branded as “unreasonable” any delay “for the purpose of gathering additional evidence to justify the arrest.” (Supra, at 56.) This being the case, this court cannot construe CPL 140.45 to contain an implicit right by the People to demand a written motion, for such a construction would create a constitutional question. Indeed, it is doubtful that motion practice could be combined with the reasonable cause determination that must be made “promptly” after a warrantless arrest. As the Supreme Court has explained: “Under Gerstein, jurisdictions may choose to combine probable cause determinations with other pretrial proceedings, so long as they do so promptly. This necessarily means that only certain proceedings are candidates for combination. Only those proceedings that arise very early in the pretrial process — such as bail hearings and arraignments— may be chosen. Even then, every effort must be made to expedite the combined proceedings.” (County of Riverside v McLaughlin, 500 US, at 58 [citation omitted].)
Because a procedure that combines motion practice with a court’s reasonable cause determination may not withstand scrutiny under the Gerstein standard, CPL 140.45 should be construed to embody a prompt summary assessment of reasonable cause based upon an inspection of the accusatory instrument. This is not to say, of course, that the People can be deprived of any opportunity to be heard during an arraignment concerning the facial sufficiency of an accusatory instrument. The unambiguous terms of the statute plainly permit the People not only to be heard, but also to attempt to salvage a facially insufficient instrument by presenting “available” information to the court that might evince an ability “to draw and file an accusatory instrument which is sufficient on its face.” (CPL 140.45.) When viewed in light of the Supreme Court precedents discussed above, the People’s statutory right to present “available facts or evidence” must be construed to allow a presentation of such information as may be available to them at the arraignment. It cannot be interpreted, on the other hand, to involve written motion practice.
For all of these reasons, this court concludes that it was not merely authorized, but was required, to dismiss the accusatory instrument against defendant Machado pursuant to CPL 140.45 after giving the People an opportunity to present such *204 additional facts or evidence as might have been available to them at the arraignment.[3]

. There is no analogous procedure for cases involving defendants who have been arrested on the authority of an arrest warrant. The distinction springs from the fact that a Judge may issue an arrest warrant in the first place only after passing upon the facial sufficiency of the underlying accusatory instrument. (See, CPL 120.20 [1].)

. Proposed NY CPL 70.60 provided: “If an information or a felony complaint filed in a local criminal court pursuant to * * * section 70.50 [ultimately enacted as CPL 140.40] is not sufficient on its face, as prescribed in section 50.35 [ultimately enacted as CPL 100.40], and if the court is satisfied that an information or felony complaint sufficient on its face cannot be drawn and filed on the basis of the available facts or evidence, it must dismiss such instrument and discharge the defendant.” The fact that this section did not mention misdemeanor complaints is of no significance, for this version of the proposed CPL did not even contemplate the use of such instruments to commence criminal actions; instead, the proposal employed the use of infor-mations in all cases except those commenced by the filing of a felony complaint. (See, Proposed NY CPL 50.05, 50.10.)

. This court’s holding addresses only the power of a local criminal court to dismiss an accusatory instrument for facial insufficiency at the time of a defendant’s arraignment following an arrest without a warrant, and should not be read to suggest that a Judge has power to dismiss an accusatory instrument without a prior written motion in any other situation or procedural context.