OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the appeals are consolidated for purposes of disposition; and it is further, ordered that the order, insofar as it, in effect, sua sponte dismissed the superseding accusatory instruments, is reversed, on the law, said provision is vacated, the superseding accusatory instruments are reinstated, and the matter is remitted to the Justice Court for all further proceedings thereon; and it is further, ordered that the appeal from so much of the order as dismissed the original accusatory instruments is held in abeyance and the matter is remitted to the Justice Court to file a report with this court in accordance with the decision herein within 60 days of the date of this order and decision.
The Justice Court’s effective sua sponte dismissal of the superseding accusatory instruments in these two cases, prior to defendants’ arraignment on the instruments, without written motion by defendants or a fair opportunity for the People to be heard, and without a stated statutory ground for the dismissal, was improper (see CPL 170.30, 170.45, 210.45; People v Mezon, 80 NY2d 155 [1992]; People v Douglass, 60 NY2d 194 [1983]; People v Morisseau, 19 Misc 3d 59 [App Term, 2d & 11th Jud Dists 2008]; People v Gonzalez, 184 Misc 2d 262, 263-264 [App Term, 1st Dept 2000]). We note that, contrary to the manner in which the Justice Court apparently construed CPL 170.10, this statutory provision imposes upon the court a duty to arraign defendants on the superseding accusatory instruments that is mandatory, not discretionary (see People v Goss, 87 NY2d 792,
*84 798 [1996]). In light of these considerations, the order, insofar as it, in effect, sua sponte dismissed the superseding accusatory instruments is reversed, the superseding accusatory instruments are reinstated, and the matter is remitted to the Justice Court for all further proceedings thereon (see People v Riverhead Park Corp., 24 Misc 3d 136[A], 2009 NY Slip Op 51547[U] [App Term, 9th & 10th Jud Dists 2009]; People v Riverhead Park Corp., 24 Misc 3d 132[A], 2009 NY Slip Op 51375[U] [App Term, 9th & 10th Jud Dists 2009]). We further note that, to the extent that defendants are arguing that the superseding accusatory instruments are jurisdictionally defective, their argument lacks merit (see People v Thomas, 4 NY3d 143 [2005]).
With respect to the original accusatory instruments, the Justice Court, in its order, took the position that defendants had joined in a dismissal motion filed by the defendants in two related cases (see People v Riverhead Park Corp., 24 Misc 3d 136[A], 2009 NY Slip Op 51547[U] [2009]; People v Riverhead Park Corp., 24 Misc 3d 132[A], 2009 NY Slip Op 51375[U] [2009]), granted the motion with respect to defendants, and dismissed the original accusatory instruments filed against them. Even were this court to reverse the Justice Court’s order insofar as it dismissed the original accusatory instruments charging defendants, and to reinstate them, the Justice Court would be mandated to dismiss them upon defendants’ arraignment on the superseding accusatory instruments (see CPL 100.50 [1]). It therefore seems inexpedient for this court now to pass on the merits of the dismissal of the original accusatory instruments (see generally People v Carmichael, 224 App Div 766 [1928]). Hence, we hold the appeal from the portion of the order which dismissed the original accusatory instruments in abeyance and remit the matter to the Justice Court to file a report within 60 days of the date of this order and decision advising this court as to whether defendants have been arraigned on the superseding accusatory instruments (see People v Riverhead Park Corp., 24 Misc 3d 132[A], 2009 NY Slip Op 51375[U] [2009]; cf. People v Riverhead Park Corp., 24 Misc 3d 136[A], 2009 NY Slip Op 51547[U] [2009]).
Molía, J.E, Nicolai and Tanenbaum, JJ., concur.