OPINION OF THE COURT
Mario F. Mattei, J.
The defendant Frank Morales, charged with menacing in the third degree (Penal Law § 120.15), moves to dismiss the accusatory instrument on grounds of facial insufficiency pursuant to CPL 100.40 and 170.30. The charge stems from an incident in which the defendant allegedly pushed and threw ice at the complainant, in addition to verbally assaulting him with racial epithets.
The issue presented is whether the misdemeanor complaint, in describing the defendant’s alleged conduct, sufficiently pleads every element of menacing in the third degree.
Upon consideration of the opposing submissions, the court file and the applicable law, the court finds that the complaint sufficiently pleads every element and is facially sufficient.
Defendant’s motion is denied for the following reasons.
“The procedural requirements for the factual portion of a local criminal court information are, simply: that it state ‘facts of an evidentiary character supporting or tending to support the charges’ (CPL 100.15 [3]; see, CPL 100.40 [1] [a]); that the ‘allegations of the factual part . . . together with those of any supporting depositions . . . provide reasonable cause to believe that the defendant committed the offense charged’ (CPL 100.40 [1] [b]); and that the ‘[n] on-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]; see, CPL 100.15 [3]).” {People v Casey, 95 NY2d 354, 360 [2000].)
In essence, the People have to meet both a “reasonable cause” and “prima facie case” requirement to prevail {People v Kalin, 12 NY3d 225, 228 [2009]).
“A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.” (Penal Law § 120.15.)
*597 In this case, the allegations in the complaint set forth that “defendant did place his hands on the informant and did repeatedly push the informant and [threw] ice at the informant . . . and that the actions of the defendant caused informant to experience annoyance, alarm, and fear for his physical safety.” Additionally, the People filed a supporting deposition from the complainant.*
The defendant contends that the information fails to establish two essential elements of the offense, namely, that the complainant’s fear of physical injury was imminent and that the conduct ascribed to the defendant fails to constitute “physical menace.”
This court disagrees.
A charge of menacing in the third degree requires “physical menace” and therefore an information will be deemed jurisdictionally defective when its factual allegations consist solely of verbal threats (Matter of Akheem B., 308 AD2d 402, 403 [1st Dept 2003], lv denied 1 NY3d 506 [2004]). “Physical menace” however does not require either an injury or an intent to cause injury. Additionally, an accusatory instrument charging “menacing” must contain nonhearsay allegations derived from the victim substantiating circumstances under which a reasonable person would have cause to be fearful (People v Boykin, 135 Misc 2d 341 [1987]).
In this case, the defendant’s use of racial epithets was accompanied by the acts of pushing and throwing ice at the complainant. While the complaint provides no specifics as to the quantity, size or nature of the ice that was thrown at the complainant, or as to which of the complainant’s particular body parts the ice was aimed at, such actions, both pushing and throwing an object, give rise to the potential of infliction of bodily and/or physical injury.
The Court of Appeals has determined in numerous cases that the Penal Law and our jurisprudence have long recognized that how an object is used determines whether or not it is dangerous. “The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute” (People v Carter, 53 NY2d 113, 116 [1981]). “In every case where this *598 Court has been called upon to decide whether something constitutes a dangerous instrument, the focus has been on an object . . . Thus, our ‘use-oriented approach’ has always been directed at understanding if an instrument is (or can be) ‘dangerous.’ ” (People v Owusu, 93 NY2d 398, 403-404 [1999] [emphasis deleted].) This reasoning, although directed specifically at the issue of what does or does not constitute a “[d]angerous instrument” pursuant to Penal Law § 10 (13), is nevertheless a useful rationale in determining whether or not “ice” can cause someone to reasonably fear that they will suffer physical injury. It will all depend on the circumstances. Since the possibility of physical injury cannot be ruled out at this juncture, the pleadings, accepted as true for the purpose of determining facial sufficiency, are sufficient.
This court finds that the actions ascribed to the defendant, as set forth in the complaint, most particularly, the throwing of ice, satisfies the element of “physical menace” and as such, it can reasonably be inferred that these actions, by an objective standard, placed the complainant in fear of imminent physical injury.
Based on the foregoing, the court finds that the charge of menacing in the third degree is facially sufficient and accordingly, defendant’s motion to dismiss this count from the accusatory instrument is denied.
The defendant has also been charged with harassment in the second degree (Penal Law § 240.26) but has not challenged the sufficiency of this charge.

 Subsequently, the People submitted the complainant’s hospital records to this court, which established that immediately following the underlying incident, the complainant was treated for a contusion.