OPINION OF THE COURT
Elisa S. Koenderman, J.
On June 13, 2012, at the defendant Victor Martini’s arraignment on a superceding information, the court orally dismissed the charge of menacing in the third degree as facially insufficient pursuant to Criminal Procedure Law § 140.45. This written decision explains the basis for the court’s ruling.
The defendant was originally charged in a misdemeanor information with menacing in the second degree (Penal Law § 120.14) and harassment in the second degree (Penal Law § 240.26 [1]). The defendant subsequently moved to dismiss the information for facial insufficiency. Off-calendar, in conjunction *731 with their affirmation in opposition to the defendant’s motion, the People filed and served a superceding information containing the identical facts alleged in the original accusatory instrument but charging the defendant with menacing in the third degree and harassment in the second degree. In their response, the People conceded that the facts alleged did not establish menacing in the second degree but contended that they did establish menacing in the third degree. On June 4, 2012, the court rendered a written decision dismissing the menacing in the second degree charge because the facts alleged failed to provide reasonable cause that the defendant committed that offense, as conceded by the People. Conversely, since the nonhearsay factual allegations of the information, accepted as true and given a “fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), established each element of the offense of harassment in the second degree, the court denied the defendant’s motion to dismiss that charge.
Because the defendant had not yet been arraigned on the superceding information accusing him of menacing in the third degree, however, the court was not authorized to address the facial sufficiency of that charge (see People v Ress, 25 Misc 3d 82 [App Term, 2d Dept 2009]; People v Riverhead Park Corp., 24 Misc 3d 136[A], 2009 NY Slip Op 51547[U] [App Term, 2d Dept 2009]). Even though the People implicitly asked the court to rule that the superceding information was facially sufficient by submitting it with their response to the defendant’s motion and arguing that it established the offenses charged, the court was constrained to defer its facial sufficiency review of the superceding information until the defendant was arraigned upon it (see id.). Arraignment on a superceding information pursuant to CPL 170.10 is mandatory, not discretionary (see id.). Therefore, to dismiss a superceding information for facial insufficiency prior to arraignment “without written motion by [defendant] or a fair opportunity for the People to be heard” or a “stated statutory ground for the dismissal” is reversible error (People v Ress, 25 Misc 3d at 83).
After rendering its written decision on the defendant’s motion to dismiss the original accusatory instrument, the court arraigned the defendant upon the superceding information. The defendant has not filed a written motion to dismiss the superceding information. Nevertheless, pursuant to CPL 140.45, when a defendant is brought before the court on charges following a warrantless arrest, the court must dismiss the accusatory *732 instrument if it is “facially insufficient and the available facts reveal no possibility that the pleading can be redeemed” (People v Machado, 182 Misc 2d 194, 199 [Crim Ct, Bronx County 1999]). The coürt is authorized to dismiss an accusatory instrument under this section even though no written motion has been filed by the defendant {see id.). Indeed,
“the language of CPL 140.45 and the statutory scheme contemplate that the court will conduct a sua sponte inspection of the accusatory instrument when the defendant is produced for arraignment and, in the event that the pleading and available facts betray a fundamental deficiency, enter an order dismissing the case rather than arraigning the defendant and permitting the prosecution to proceed” (id.).
Thus the statute mandates the court reject at the “first opportunity” following a warrantless arrest a facially insufficient accusatory instrument which cannot be cured (id. at 200). Since the purpose of the statute is to prevent prosecution in such circumstances, the statute empowers the court to dismiss regardless of whether it is “inclined to set bail or otherwise impose restrictions on the defendant’s liberty” (id. at 198). As a practical matter, proper exercise of the court’s authority pursuant to CPL 140.45 is within the province of the arraignment court, since a defendant’s arraignment is the first opportunity for the court to review the accusatory instrument following a warrant-less arrest (see People v Gonzalez, 184 Misc 2d 262, 264 [App Term, 1st Dept 2000]).
Here, the defendant was arraigned twice: first upon the original accusatory instrument immediately following his warrant-less arrest and again upon the superceding information. Even though the warrantless arrest directly preceded the defendant’s arraignment on the original accusatory instrument, that arrest remains the basis for arraignment and prosecution on the superceding information. Moreover, the plain language of CPL 140.45 does not preclude the court from dismissing a facially insufficient accusatory instrument at arraignment on a superceding information. Furthermore, arraignment on a superceding information filed pursuant to a warrantless arrest is as much a “first opportunity” to conduct a facial insufficiency review as is arraignment on an original accusatory instrument. Thus, the same underlying rationale — to prevent prosecution following a warrantless arrest based upon a deficient pleading which is impossible to cure — justifies the statute’s application to arraignment on a superceding accusatory instrument.
*733 The sole caveat prior to dismissal pursuant to CPL 140.45 is that the court be “satisfied that on the basis of the available facts or evidence it would be impossible to draw and file [a sufficient] accusatory instrument.” Therefore, before ordering dismissal of the instrument, the court must give the People the opportunity to present information from which the court can determine whether a sufficient accusatory instrument may be drawn (see Machado, 182 Misc 2d at 203-204). Here, the People proffered the superceding information with their response to the defendant’s motion to dismiss the original accusatory instrument and argued that the facts alleged were sufficient to establish the lesser offense of menacing in the third degree. Notably, however, the superceding information contained the identical facts alleged in the original accusatory instrument. Neither the superceding information nor the People’s response included any supplemental facts to support the offense of menacing in the third degree. Finally, upon the court’s inquiry after the defendant was arraigned on the superceding information, the People provided no additional information. Thus, the court is satisfied that the only available facts to sustain the charge are those alleged in the superceding information.
The superceding information alleges that on or about January 2, 2012 at about 12:49 a.m. in Queens County, the defendant pushed the complainant, Rita Martini, and stated that “he was going to put a bullet in her head and hang her outside with a suicide note.” The information further alleges that “the complainant took the defendant’s threat seriously because the defendant has a licensed gun with ammunition in the house.” Finally, the information alleges that Police Officer Jeffrey Hargrave recovered a “9mm Clock” from a safe in one closet and a box of ammunition from another closet in the bedroom.
Under Penal Law § 120.15, “[a] person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.”
Proof of the element of “physical menace” requires more than mere offensive statements or verbal threats (see Matter of Jaccob S., 77 AD3d 523, 524 [1st Dept 2010] [defendant’s crude remark to complainant to “swim back to (his) country” is insufficient to establish physical menace]; Matter of Akheem B., 308 AD2d 402 [1st Dept 2003]; see also People v Stephens, 100 Misc 2d 267, 268 [Suffolk Dist Ct 1979] [allegations that defendant stated that he had a gun and was going to blow complainant’s *734 head off and then reached into his pocket are insufficient to establish physical menace]). The defendant must commit a physical act which in and of itself places another person in fear of imminent injury (see Matter of Monay W., 33 AD3d 809, 810 [2d Dept 2006] [evidence that defendant waved a knife in the air while standing four feet away from the complainant and asking if she wanted to fight establishes that the defendant intentionally placed another person in fear of imminent injury by physical menace]; see also People v Morales, 33 Misc 3d 595, 598 [Crim Ct, Richmond County 2011] [defendant’s action in throwing ice at the complainant satisfies the element of physical menace]). Whether the physical act committed by the defendant constitutes physical menace is an objective assessment (see Morales, 33 Misc 3d at 597-598). A defendant need not display a weapon to establish physical menace, but he must at least engage in a threatening gesture (see Stephens, 100 Misc 2d at 268; see also Matter of Ramon M., 109 AD2d 882, 883 [2d Dept 1985] [evidence that the defendant “leaped down the stairs with one leg extended toward (the complainant) in a karate kick position” is sufficient to establish menacing in the third degree]).
Here, the defendant allegedly pushed the complainant and then threatened to shoot her in the head. A gun and ammunition allegedly belonging to the defendant were recovered from the residence. Even viewed in the light most favorable to the People (see People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U], *2 [2008]), the sole physical act attributed to the defendant of pushing the complainant prior to threatening her cannot be construed as an act of physical menace (see e.g. Matter of Jaccob S., 77 AD3d at 524; Stephens, 100 Misc 2d at 268). Moreover, the proximity of the gun and ammunition to the defendant at the time he threatened the complainant, though adding to the weight and seriousness of his threat, is not the equivalent of an act of physical menace (see e.g. Stephens, 100 Misc 2d at 268). Ultimately, the complainant’s fear of imminent injury is based upon the defendant’s mere words. Apart from his verbal threat, there is no allegation that the defendant committed any physical act which objectively would cause the complainant to fear imminent injury. Accordingly, the facts alleged in the superceding information fail to provide reasonable cause to believe that the defendant committed the offense of menacing in the third degree. Because these alleged facts represent the only available evidence to support the charge, the court *735 is satisfied that it is impossible to draw and file a facially sufficient accusatory instrument for the offense of menacing in the third degree. The court therefore dismisses that charge pursuant to CPL 140.45. The charge of harassment in the second degree is facially sufficient and remains outstanding.