People v Kennedy (2023 NY Slip Op 51389(U))

[*1]

People v Kennedy (John)

2023 NY Slip Op 51389(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-537 N CR

The People of the State of New York, Appellant,
against
John Kennedy, Respondent. 

Nassau County District Attorney (Daniel Bresnahan and Donald Berk of counsel), for appellant.
Nassau County Legal Aid Society (Tammy Feman and Daniel P. Schumeister of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Karen L. Moroney, J.), dated April 29, 2022. The order granted a motion by defendant to the extent of dismissing the count in the accusatory instrument charging defendant with menacing in the third degree on the ground of facial insufficiency and, upon dismissal of that count, dismissing the entire accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, the branches of defendant's motion seeking to dismiss the count in the accusatory instrument charging defendant with menacing in the third degree on the ground of facial insufficiency and, upon dismissal of that count, to dismiss the entire accusatory instrument on statutory speedy trial grounds are denied, and the matter is remitted to the District Court for a determination of the remainder of defendant's motion, which sought, as alternative relief, the scheduling of Sandoval and Molineux hearings.
Defendant was charged in an accusatory instrument with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), menacing in the third degree (Penal Law § 120.15), and criminal trespass in the third degree (Penal Law § 140.10 [a]). The complainant stated in her supporting deposition that she was in her backyard with her family when defendant, while yelling at her family, opened the gate to her backyard pushed his way into the backyard and began throwing punches towards her and her family. Thereafter, the People filed a certificate of compliance and statement of readiness for trial, which included a certification pursuant to CPL 30.30 (5-a) that the accusatory instrument was facially sufficient.
Defendant subsequently moved to dismiss the count in the accusatory instrument charging defendant with menacing in the third degree on the ground of facial insufficiency and, upon dismissal of that count, to dismiss the entire accusatory instrument on statutory speedy trial [*2]grounds (see CPL 30.30 [5-a]), or, in the alternative, to schedule Sandoval (34 NY2d 371 [1974]) and Molineux (168 NY 264 [1901]) hearings. The People opposed the motion and, in an order dated April 29, 2022, the District Court granted the branches of defendant's motion seeking to dismiss the count in the accusatory instrument charging defendant with menacing in the third degree on the ground of facial insufficiency and, upon dismissal of that count, to dismiss the entire accusatory instrument on statutory speedy trial grounds. The court denied the branches of the motion seeking to schedule Sandoval and Molineux hearings as moot.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Here, since defendant did not waive the right to be prosecuted by information, the accusatory instruments must be evaluated under the standards that govern the jurisdictional sufficiency of an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15, 100.40 [1]). To be jurisdictionally sufficient, an information, together with any supporting deposition which may accompany it, must allege facts of an "evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see CPL 100.40 [1] [a]), and must contain "[n]on-hearsay allegations" which "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see People v Slade, 37 NY3d 127, 136 [2021]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
"A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury" (Penal Law § 120.15). Menacing in the third degree is a form of attempted assault and, therefore, commission of the offense does not require any form of physical contact, actual, attempted or threatened (see People v Bartkow, 96 NY2d 770, 772 [2001]; People v Cruci, 14 Misc 3d 128[A], 2006 NY Slip Op 52495[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Additionally, the offense requires neither an injury nor an intent to cause injury. However, since the statute requires "physical menace," a defendant must do more than make verbal threats (see People v Martucci, 22 Misc 3d 137[A], 2009 NY Slip Op 50336[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; People v Woods, 54 Misc 3d 453, 456-457 [Crim Ct, Bronx County 2016]; People v Martini, 36 Misc 3d 729, 733-735 [Crim Ct, Queens County 2012]). While a defendant need not display a weapon to establish physical menace, he or she must at least engage in a threatening gesture (see Martini, 36 Misc 3d at 734). Here, taken as a whole, the various acts of defendant as alleged in the accusatory instrument and the supporting deposition were sufficient to set forth a physical menace and the resulting fear (see Martucci, 2009 NY Slip Op 50336[U]).
As the accusatory instrument and supporting deposition served the required purposes of putting defendant on notice of the charge against him and providing sufficient detail to prevent him from being tried twice for the same offense, we find that the accusatory instrument was facially sufficient (see Martucci, 2009 NY Slip Op 50336[U]; Cruci, 2006 NY Slip Op [*3]52495[U]). In light of the foregoing, we need not pass on whether the facial insufficiency of one count charged in a multi-count accusatory instrument renders the People's certification pursuant to CPL 30.30 (5-a) of the entire accusatory instrument illusory and thereby invalid with respect to any remaining facially sufficient counts to which the certification refers.
Accordingly, the order is reversed, the branches of defendant's motion seeking to dismiss the count in the accusatory instrument charging defendant with menacing in the third degree on the ground of facial insufficiency and, upon dismissal of that count, to dismiss the entire accusatory instrument on statutory speedy trial grounds are denied, and the matter is remitted to the District Court for a determination of the remainder of defendant's motion, which sought, as alternative relief, the scheduling of Sandoval and Molineux hearings.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023